

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,088

### EX PARTE KEVIN ROWE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM CAUSE NO. 2005CR3070
### IN THE 379TH JUDICIAL DISTRICT COURT OF BEXAR COUNTY

*Per curiam.*

### O P I N I O N

Applicant pleaded guilty to possession of a controlled substance and was sentenced to three years' imprisonment. Applicant did not appeal.

Applicant contends that he has been improperly denied credit toward the expiration of his sentence for the period of time when he was erroneously released from custody through no fault of his own.

Applicant was sentenced in this cause on May 25, 2006. Before being transferred to the custody of the Texas Department of Criminal Justice (TDCJ) to begin serving his

sentence, he was sent to Georgia to answer charges there. After those proceedings were complete, Applicant was released to probation on December 18, 2006. His Georgia probation was transferred to Bexar County, Texas and accepted on February 16, 2007. Applicant was then sent to Texas but was never placed in the custody of TDCJ. At his second meeting with his supervising probation officer, Applicant informed the officer that he should be serving a three-year prison sentence for this case from Bexar County, the same county in which he was then under supervision for the Georgia case. The officer performed a warrant check, but no warrants were active. On or about May 2, 2007, a TDCJ parole officer contacted Applicant's probation officer and advised him that Applicant had pending prison time in this case. The parole officer informed Applicant's supervising probation officer that she would contact him again to let him know when Applicant should turn himself in at the nearest local jail. The probation officer never heard from TDCJ again.

TDCJ issued a premature-release warrant for Applicant on May 9, 2007. Applicant had been under the supervision of his probation officer for the Georgia case since February 2007, and TDCJ contacted that officer in May 2007. At this time, TDCJ knew where Applicant was and knew that he should have been in one of their secure prison facilities serving this sentence, but did not take him into custody. Applicant was arrested under the premature release warrant when he attempted to renew his driver's license in August 2008.

During his time on erroneous release, Applicant violated no laws nor any terms of release that would have applied to him had he been properly released on parole or mandatory

supervision.

TDCJ Classification and Records filed an affidavit in response to Applicant's claims. The affidavit states that "Applicant is not entitled to time spent out on erroneous release pursuant to *Ex parte Hale*...."[1] This statement misinterprets both the spirit and logical implications of *Hale*'s holding.

In *Hale*, a prisoner was erroneously released to mandatory supervision by TDCJ while serving two cumulative sentences. At the time of the release, TDCJ had not yet received the commitment papers for the second sentence. While he was out of custody and before he violated the conditions of his release, Hale discharged the first, underlying sentence. After violating the conditions of his release, he was returned to TDCJ where he claimed that, because he was released through no fault of his own, his stacked, second sentence should also be credited with time spent on release. This Court held that the statute applicable to those prisoners who were correctly released also applies to those released erroneously from TDCJ.[2] Accordingly, though Hale received credit against the sentence that he would have discharged but for the erroneous release, the violation of his mandatory supervision rules prevented him from receiving credit for the stacked sentence. But, we noted that had he not violated conditions of his release until his entire stacked sentence was discharged, he would

---

[1] 117 S.W.3d 866 (Tex. Crim. App. 2003).

[2] *Id.* at 873.

have been credited on that sentence as well.[3]

There is no evidence that Applicant violated the conditions of his probation, nor any conditions that would have been placed on him had he been properly released to mandatory supervision for the sentence. Neither TDCJ nor the State makes any allegations of such violations. TDCJ states that Applicant was detained on the premature release warrant. Therefore, Applicant's release was not revoked under the meaning of Section 508.283 of the Texas Government Code,[4] and he is therefore not subject to the restrictions of that statute.

As we have held in previous unpublished opinions,[5] if a person is erroneously released from custody, through no fault of his own, and is then brought back into custody, he is entitled to credit for all of the time spent on that erroneous release. Because Applicant had not violated the conditions of his supervised release at the time he was detained on the premature release warrant, he should not be penalized for following the rules that would have been in place had he been properly released from custody.

In fact, Applicant has far exceeded any requirements that this Court has placed on those who were erroneously released from custody. It would be unreasonable to require

---

[3] *Id*.

[4] "If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released." TEX. GOV'T CODE §508.283(c).

[5] *See Ex Parte Cross*, AP-75,700, delivered June 13, 2007 and *Ex Parte Freeman*, AP-76, 029, delivered November 5, 2008.

those released from custody to inform the authorities that they should in fact be detained.[6]

Yet, in this case, Applicant informed the Texas probation officer who administered his Georgia probation that he had an outstanding conviction and should be in the custody of TDCJ.

Applicant is entitled to credit for the time he spent out of the custody of TDCJ. The Texas Department of Criminal Justice shall credit Applicant's sentence in cause number 2005CR3070 from the 379th Judicial District Court of Bexar County with all of the time from the date of Applicant's sentencing, together with any pre-sentence credit awarded by the trial court.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional, and Pardons and Paroles Divisions.

DELIVERED: February 4, 2009
PUBLISH

---

[6] *Id.* at 869.