Ex parte David William
**BAKER, Applicant.**

No. AP–76031.

Court of Criminal Appeals of Texas.

April 1, 2009.

---

James M. Baker, Las Vegas, for Appellant.

E. Bruce Curry, District Attorney, Kerrville, Jeffrey L. Van Horn, State's Attorney, Austin, for State.

## OPINION

KEASLER, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, JOHNSON, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Harris County officials released David William Baker from custody, even though he did not complete his two-year-state-jail sentence from Gillespie County. We hold that Baker is entitled to credit toward the expiration of his sentence for the time that he was out of custody following his erroneous release. Crediting his sentence accordingly, Baker discharged his sentence in September 2003. Therefore, when authorities arrested him in 2007 in this cause, Baker was illegally confined.

## Background

Baker was charged in Gillespie County with possessing less than one gram of cocaine, a state jail felony offense. On September 1, 1998, Baker pled no contest to the charge. The trial judge deferred adjudication and placed Baker on community supervision for three years.

In June 2001, the State filed a motion to adjudicate guilt, alleging, among other things, that Baker violated the terms and conditions of his supervision by committing felony theft in Harris County. On September 13, 2001, after finding the State's allegations true, the trial judge revoked Baker's community supervision and sentenced him to two years' confinement in a state jail facility. The trial judge did not award Baker any presentence time credit, so his presumptive discharge date was September 12, 2003.

Shortly after his adjudication in Gillespie County, authorities transferred Baker to Harris County to stand trial on the felony theft charge. Pursuant to a plea agreement with the State, Baker pled guilty to the lesser-included offense of misdemeanor theft. The trial judge sentenced him to 251 days time served. At that time, Harris County officials checked to see if Baker had any outstanding warrants or detainers. Finding none, they released Baker from custody. Baker and his father, who represented Baker in both the Gillespie and Harris County cases, knew that Baker had approximately twenty-three months left to serve on the two-year-state-jail sentence; however, neither Baker nor his father contacted the trial judge or law enforcement authorities.

The following summer, in July 2002, almost nine months after Harris County released him, Baker accompanied his father to China. Approximately a month later, on September 26, 2002, Gillespie County

officials learned that Baker was erroneously released and obtained a warrant for his arrest. Upon his return to the United States, in October 2007, six years after his erroneous release, Baker was arrested.

In November 2007, Baker filed an application for a writ of habeas corpus. In his sole ground for relief, Baker alleged that he is being illegally confined. Specifically, Baker claimed that he should receive credit toward the expiration of his two-year-state-jail sentence for the time he was out of custody following his erroneous release. If credited with this time, Baker's sentence would be discharged. The trial judge entered stipulated findings of fact, which we will defer to because they are supported by the record.[1] The judge, however, did not make any conclusions of law or recommend that we grant or deny relief. The judge, with the State's consent, released Baker on a surety bond in January 2008 pending our resolution of Baker's habeas application.

## Analysis

■ Ex parte Hale and Ex parte Rowe stand for the proposition that an individual is entitled to time credit toward the expiration or discharge of a sentence when the individual, through no fault of his or her own, was erroneously released from custody by the State.[2]

In Ex parte Hale, Hale was released to mandatory supervision before he was legally eligible for release.[3] He sought habeas corpus relief, claiming that he was entitled to credit for the time that he was out of custody following his erroneous release.[4] We agreed, but in the process we overruled over forty years of case law that granted such credit unconditionally.[5] We determined that the law that applies to an individual who was lawfully released to mandatory supervision and later revoked applies to Hale.[6] Therefore, we applied the time credit statute in effect when Hale's erroneous release was revoked, Texas Government Code Section 508.283.[7] After calculating Hale's time according to Section 508.2083, we concluded that, although Hale did not discharge his second, stacked sentence, he discharged his first sentence.[8]

In Ex parte Rowe, Rowe was sentenced to three years' imprisonment in Bexar County.[9] Before he was transferred to the custody of the Texas Department of Criminal Justice (TDCJ), he was sent to Georgia to answer charges there.[10] He was placed on probation in Georgia.[11] He was given permission to serve his probation in Bexar County, but when he returned to Texas, TDCJ did not take him into custody.[12] And although Rowe alerted Texas authorities of the error, he remained at large on probation.[13] Rowe was later arrested on a

1. *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim.App.2008).

2. 117 S.W.3d 866, 869–72 (Tex.Crim.App. 2003); 277 S.W.3d 18 (Tex.Crim.App., 2009).

3. 117 S.W.3d at 867–68.

4. *Id.* at 868.

5. *Id.* at 868–72.

6. *Id.* at 872–73.

7. *Id.* at 873.

8. *Id.*

9. 277 S.W.3d at 18 .

10. *Id.*

11. *Id.*

12. *Id.*

13. *Id.* at 18.

premature release warrant when he went to renew his driver's license.[14]

Rowe sought habeas relief, claiming that he was entitled to credit for the time he was erroneously released.[15] We agreed and said, "Because [Rowe] had not violated the conditions of his supervised release at the time he was detained on the premature release warrant, he should not be penalized for following the rules that would have been in place had he been properly released from custody."[16]

■ Following the teachings of *Ex parte Hale* and *Ex parte Rowe,* we conclude that Baker is entitled to relief. Baker was erroneously released by Harris County officials because Gillespie County officials failed to place a detainer on him when he was transferred to Harris County. Additionally, we have observed that it is "unreasonable to require those released from custody to inform authorities that they should in fact be detained."[17] Like Rowe, Baker was not conditionally released on parole or mandatory supervision before he was legally eligible.[18] Therefore, Section 508.283 of the Texas Government Code does not apply. In fact, because Baker was convicted of a state jail felony, he was not eligible for either form of conditional release.[19] Baker was required to serve his two-year sentence day for day.[20] Baker is therefore entitled to credit to-

ward the expiration of his sentence for the time he spent out of custody following his erroneous release. Accordingly, Baker discharged his two-year sentence in September 2003. Baker was therefore illegally confined at the direction of Gillespie County authorities in October 2007 when he returned to the United States from China.

Finally, we disagree with the dissent's contention that Baker could be regarded as an absconder. In probation cases, a trial judge may proceed on a motion to revoke after a probationer's probationary term has expired if the State filed a motion to revoke and issued a capias before the probationer's term expired.[21] This rule was implemented to prevent rewarding an absconder—a probationer who eludes capture until after his or her probationary has expired.[22] In this case, there was no warrant for Baker's arrest when he left the country, and, as stated above, he had no duty to turn himself into authorities in the absence of an outstanding warrant.[23] As a result, Baker should not be viewed as an absconder. The State's due diligence requirement therefore is not applicable.

## Conclusion

We hold that Baker discharged his two-year sentence while out of custody following his erroneous release. Therefore, Baker is released from any further bond

---

14. *Id.* at 19.

15. *Id.* at 18.

16. *Id.* at 19.

17. *Id.*

18. *Compare Ex parte Hale,* 117 S.W.3d at 867–68, 872 *with Ex parte Rowe,* 277 S.W.3d at 19.

19. *See* TEX.CODE CRIM PROC. art. 42.12 § 15(h)(1) (Vernon 2006); TEX. GOV'T CODE §§ 508.142, 508.145, 508.147 (Vernon 2004).

20. *See* TEX.CODE CRIM. PROC. art. 42.12 § 15(h)(1); TEX GOV'T CODE §§ 508.142, 508.145, 508.147.

21. *Peacock v. State,* 77 S.W.3d 285, 287 (Tex. Crim.App.2002).

22. *Id.*

23. *Ex parte Rowe,* 277 S.W.3d at 20.

or confinement in cause number 3820 in the 216th Judicial District Court of Gillespie County.

KELLER, P.J., filed a dissenting opinion.

KELLER, P.J., dissenting.

The State mistakenly released applicant, and for ten months, it failed to do anything to rectify that mistake. I agree with the Court that applicant is entitled to credit for those ten months. I am less certain, however, about the remaining thirteen months. After ten months, the State did do something to rectify its mistake—it issued a warrant for arrest. If applicant had remained in Texas, that warrant could have been served and applicant returned to state jail to serve the remaining thirteen months of his sentence. But at the time the arrest warrant was issued, applicant was in China. I am aware of no extradition treaties existing between the United States and China that would have enabled the State to forcibly return applicant to custody. According to the trial judge's findings of fact, applicant and his father knew that applicant had not completed his sentence when they left for China.

I think an absconder/due diligence rule like that articulated in *Peacock v. State*[1] for probationers should apply to cases like this. As in the probation revocation context, no express statutory authority governs the situation before us, and the potential exists for the releasee to take advantage of the situation by hiding from the authorities.[2] Under the facts before us, it appears that applicant knowingly placed himself beyond the reach of the

authorities while his sentence was still pending.

But the parties and the trial court have not been alerted to the possibility that an absconder/due diligence rule might apply in this context. I would remand this case to the trial court for further factfinding concerning the reasons for applicant moving to China, what the State knew about where applicant had gone, and any efforts the State made to bring applicant into custody. I would also order briefing by the parties on whether an absconder/due diligence rule should apply in this setting, and if so, whether applicant should be considered an absconder and whether the State exercised due diligence after the arrest warrant was issued to apprehend him, including whether there were any appropriate international avenues for seeking or obtaining custody of applicant.

Because the Court declines to consider the issue further, I respectfully dissent.

---

1. 77 S.W.3d 285 (Tex.Crim.App.2002).

2. *See id.* at 289 (no express statutory authority providing for or prohibiting the extension of jurisdiction over probationers beyond the expiration of the probationary period; an absconder should not benefit from his cunning in hiding from authorities but we should be sure that the person in question is in fact an absconder).