

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,031

### EX PARTE DAVID WILLIAM BAKER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NUMBER 3820-A IN THE 216TH DISTRICT COURT
### FROM GILLESPIE COUNTY

KEASLER, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, JOHNSON, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. KELLER, P.J., filed a dissenting opinion.

### O P I N I O N

Harris County officials released David William Baker from custody, even though he did not complete his two-year-state-jail sentence from Gillespie County. We hold that Baker is entitled to credit toward the expiration of his sentence for the time that he was out of custody following his erroneous release. Crediting his sentence accordingly, Baker discharged his sentence in September 2003. Therefore, when authorities arrested him in 2007 in this cause, Baker was illegally confined.

### Background

Baker was charged in Gillespie County with possessing less than one gram of cocaine, a state jail felony offense. On September 1, 1998, Baker pled no contest to the charge. The trial judge deferred adjudication and placed Baker on community supervision for three years.

In June 2001, the State filed a motion to adjudicate guilt, alleging, among other things, that Baker violated the terms and conditions of his supervision by committing felony theft in Harris County. On September 13, 2001, after finding the State's allegations true, the trial judge revoked Baker's community supervision and sentenced him to two years' confinement in a state jail facility. The trial judge did not award Baker any presentence time credit, so his presumptive discharge date was September 12, 2003.

Shortly after his adjudication in Gillespie County, authorities transferred Baker to Harris County to stand trial on the felony theft charge. Pursuant to a plea agreement with the State, Baker pled guilty to the lesser-included offense of misdemeanor theft. The trial judge sentenced him to 251 days time served. At that time, Harris County officials checked to see if Baker had any outstanding warrants or detainers. Finding none, they released Baker from custody. Baker and his father, who represented Baker in both the Gillespie and Harris County cases, knew that Baker had approximately twenty-three months left to serve on the two-year-state-jail sentence; however, neither Baker nor his father contacted the trial judge or law enforcement authorities.

The following summer, in July 2002, almost nine months after Harris County released him, Baker accompanied his father to China. Approximately a month later, on September

26, 2002, Gillespie County officials learned that Baker was erroneously released and obtained a warrant for his arrest. Upon his return to the United States, in October 2007, six years after his erroneous release, Baker was arrested.

In November 2007, Baker filed an application for a writ of habeas corpus. In his sole ground for relief, Baker alleged that he is being illegally confined. Specifically, Baker claimed that he should receive credit toward the expiration of his two-year-state-jail sentence for the time he was out of custody following his erroneous release. If credited with this time, Baker's sentence would be discharged. The trial judge entered stipulated findings of fact, which we will defer to because they are supported by the record.[1] The judge, however, did not make any conclusions of law or recommend that we grant or deny relief. The judge, with the State's consent, released Baker on a surety bond in January 2008 pending our resolution of Baker's habeas application.

**Analysis**

*Ex parte Hale* and *Ex parte Rowe* stand for the proposition that an individual is entitled to time credit toward the expiration or discharge of a sentence when the individual, through no fault of his or her own, was erroneously released from custody by the State.[2]

In *Ex parte Hale*, Hale was released to mandatory supervision before he was legally

---

[1] *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008).

[2] 117 S.W.3d 866, 869-72 (Tex. Crim. App. 2003); No. AP-76,088, 2009 Tex. Crim. App. LEXIS 150, *3-4 (Tex. Crim. App. Feb. 9, 2009).

eligible for release.[3]  He sought habeas corpus relief, claiming that he was entitled to credit for the time that he was out of custody following his erroneous release.[4]  We agreed, but in the process we overruled over forty years of case law that granted such credit unconditionally.[5]  We determined that the law that applies to an individual who was lawfully released to mandatory supervision and later revoked applies to Hale.[6]  Therefore, we applied the time credit statute in effect when Hale's erroneous release was revoked, Texas Government Code Section 508.283.[7]  After calculating Hale's time according to Section 508.2083, we concluded that, although Hale did not discharge his second, stacked sentence, he discharged his first sentence.[8]

In *Ex parte Rowe*, Rowe was sentenced to three years' imprisonment in Bexar County.[9]  Before he was transferred to the custody of the Texas Department of Criminal Justice (TDCJ), he was sent to Georgia to answer charges there.[10]  He was placed on

---

[3]  117 S.W.3d at 867-68.

[4]  *Id.* at 868.

[5]  *Id.* at 868-72.

[6]  *Id.* at 872-73.

[7]  *Id.* at 873.

[8]  *Id.*

[9]  2009 Tex. Crim. App. LEXIS 150, at *1.

[10]  *Id.*

probation in Georgia.[11] He was given permission to serve his probation in Bexar County, but when he returned to Texas, TDCJ did not take him into custody.[12] And although Rowe alerted Texas authorities of the error, he remained at large on probation.[13] Rowe was later arrested on a premature release warrant when he went to renew his driver's license.[14]

Rowe sought habeas relief, claiming that he was entitled to credit for the time he was erroneously released.[15] We agreed and said, "Because [Rowe] had not violated the conditions of his supervised release at the time he was detained on the premature release warrant, he should not be penalized for following the rules that would have been in place had he been properly released from custody."[16]

Following the teachings of *Ex parte Hale* and *Ex parte Rowe*, we conclude that Baker is entitled to relief. Baker was erroneously released by Harris County officials because Gillespie County officials failed to place a detainer on him when he was transferred to Harris County. Additionally, we have observed that it is "unreasonable to require those released from custody to inform authorities that they should in fact be detained."[17] Like Rowe, Baker

---

[11] *Id.*

[12] *Id.*

[13] *Id.* at *1-2.

[14] *Id.* at *2.

[15] *Id.* at *1.

[16] *Id.* at *5.

[17] *Id.*

was not conditionally released on parole or mandatory supervision before he was legally eligible.[18] Therefore, Section 508.283 of the Texas Government Code does not apply. In fact, because Baker was convicted of a state jail felony, he was not eligible for either form of conditional release.[19] Baker was required to serve his two-year sentence day for day.[20] Baker is therefore entitled to credit toward the expiration of his sentence for the time he spent out of custody following his erroneous release. Accordingly, Baker discharged his two-year sentence in September 2003. Baker was therefore illegally confined at the direction of Gillespie County authorities in October 2007 when he returned to the United States from China.

Finally, we disagree with the dissent's contention that Baker could be regarded as an absconder. In probation cases, a trial judge may proceed on a motion to revoke after a probationer's probationary term has expired if the State filed a motion to revoke and issued a capias before the probationer's term expired.[21] This rule was implemented to prevent rewarding an absconder—a probationer who eludes capture until after his or her probationary

---

[18] *Compare Ex parte Hale*, 117 S.W.3d at 867-68, 872 *with Ex parte Rowe*, 2009 Tex. Crim. App. LEXIS 150, at *4.

[19] *See* TEX. CODE CRIM. PROC. art. 42.12 § 15(h)(1) (Vernon 2006); TEX. GOV'T CODE §§ 508.142, 508.145, 508.147 (Vernon 2004).

[20] *See* TEX. CODE CRIM. PROC. art. 42.12 § 15(h)(1); TEX. GOV'T CODE §§ 508.142, 508.145, 508.147.

[21] *Peacock v. State*, 77 S.W.3d 285, 287 (Tex. Crim. App. 2002).

has expired.[22]  In this case, there was no warrant for Baker's arrest when he left the country, and, as stated above, he had no duty to turn himself into authorities in the absence of an outstanding warrant.[23]  As a result, Baker should not be viewed as an absconder.  The State's due diligence requirement therefore is not applicable.

## Conclusion

We hold that Baker discharged his two-year sentence while out of custody following his erroneous release.  Therefore, Baker is released from any further bond or confinement in cause number 3820 in the 216th Judicial District Court of Gillespie County.

DATE DELIVERED: April 1, 2009
PUBLISH

---

[22]  *Id.*

[23]  *Ex parte Rowe*, 2009 Tex. Crim. App. LEXIS 150, at *5.