IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,082-01






EX PARTE DEMARQUO JIMMY LEE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11805 IN THE 344TH DISTRICT COURT


FROM CHAMBERS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of escape and
sentenced to seven years' imprisonment. 

 Applicant contends that he is being illegally confined because he is being denied credit for
time spent released on parole. Applicant alleges that he was erroneously released after he was
informed his parole was going to be revoked and after that release, no warrant was issued until after
his sentence should have discharged. Applicant has alleged facts that, if true, might entitle him to
relief. Ex parte Rowe, 277 S.W.3d 18 (Tex. Crim. App. 2009). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit listing Applicant's sentence begin date and the dates of issuance of any parole-revocation
warrants leading to the revocation of such parole or mandatory supervision. The affidavit should list
the dates and dispositions of any parole revocation hearings for this cause. The affidavit should state
whether Applicant is serving a sentence for, or has previously been convicted of, an offense which
was listed in Tex. Gov't Code § 508.149(a) at the time of Applicant's revocation. The affidavit
should also address how much time was remaining on this sentence on the date that Applicant was
released on parole, and how much time Applicant spent on release before the issuance of any parole-revocation warrants. The affidavit should state whether or not Applicant is receiving credit for any
of the time spent on parole. 

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings as to whether Applicant is receiving the proper amount
of time credit. The trial court shall make findings as to whether Applicant was erroneously released
from custody after a decision to revoke his parole. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 20 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 30 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 10, 2009

Do not publish