IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 72,793-01






EX PARTE THOMAS THURMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR 22,793 IN THE 253RD DISTRICT COURT


FROM LIBERTY COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance in a penal institution and sentenced to four years' imprisonment. 

 Applicant contends that he is being denied credit for time spent when he was erroneously
released. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Rowe, 277
S.W.3d 18 (Tex. Crim. App. 2009). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit listing Applicant's sentence begin date, the date Applicant was released from TDCJ
custody and under what authority he was released. The affidavit shall also list the dates of issuance
and the reason for issuance of any warrants issued for Applicant by TDCJ. The affidavit shall give
the dates of arrest pursuant to any TDCJ warrant and list any time credit given to Applicant pursuant
to incarceration on those warrants. The affidavit should also state whether Applicant is serving a
sentence for, or has previously been convicted of, an offense which was listed in Tex. Gov't Code
§ 508.149(a) at the time of Applicant's return to TDCJ. The affidavit should state whether or not
Applicant is receiving credit for any of the time spent while released. Finally, the affidavit should
indicate whether or not Applicant has submitted his claim to the time credit resolution system of
TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to receive any time credit for time
spent while released. The trial court shall also make findings as to whether Applicant is receiving
the proper amount of time credit for that time. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 21, 2009

Do not publish