IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,653-02




EX PARTE OSCAR TREVINO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W01-56745-M(B) IN THE 194TH DISTRICT COURT
FROM DALLAS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manslaughter and
sentenced to ten years’ imprisonment. The Fifth Court of Appeals affirmed his conviction. Trevino
v. State, No. 05-10-01553-CR (Tex. App.—Dallas 2012, no pet.).
            Applicant contends that: (1) trial counsel failed to investigate whether the trial court’s
jurisdiction to place Applicant on probation, after he participated in a boot camp program, had
expired; (2) trial counsel failed to investigate whether Applicant was denied credit for the period he
spent on probation; and (3) the trial court should reform the judgment.
            The trial court found that Applicant was placed on probation outside of the 90-day window
for defendants who participate in boot camp. Tex. Code Crim. Proc. art. 42.12, § 8(a) (2001). The
trial court concluded that Applicant’s release was erroneous and recommended that we grant
Applicant credit on his sentence from February 11, 2005 to October 16, 2012.
            We disagree. Even if it could be said that Applicant was erroneously released, while on
probation he violated the conditions of his release. As he concedes in his memorandum, the trial
court found that he violated the conditions of his probation by driving while intoxicated and by not
having a deep-lung breath analysis mechanism installed in his car. We conclude that Applicant’s
case is distinguishable from this Court’s previous holdings on erroneous release. See Ex parte Baker,
297 S.W.3d 256 (Tex. Crim. App. 2009); Ex parte Rowe, 2009 Tex. Crim. App. LEXIS 150 (Tex.
Crim. App. Feb. 4, 2009). Relief is denied. 
 
Filed: June 11, 2014
Do not publish