

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00044-CR
_____

PRINCE ANTHONY LAJUAN PHEA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108ᵗʰ District Court
Potter County, Texas
Trial Court No. 59,848-E; Honorable Douglas R. Woodburn, Presiding

August 6, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pursuant to a plea bargain, on May 18, 2011, Appellant, Prince Anthony Lajuan Phea, was convicted of possession of cocaine,[1] a state jail felony, and sentenced to two years confinement, suspended for two years, and a fine of $2,000. In October 2012, the State moved to revoke Appellant's community supervision on the grounds he had violated the terms and conditions of community supervision. Appellant entered a plea of

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010).

true to the allegations in the State's motion, and after evidence was presented, the trial court found the allegations to be true, revoked Appellant's community supervision and sentenced him to two years confinement in a state jail facility and a $2,000 fine. By two issues, Appellant asserts he was denied due process of law under the United States Constitution and Article I, Section 19 of the Texas Constitution because the trial court refused to consider the full range of punishment. Additionally, the District Clerk included attorney's fees not ordered by the trial court in the *Bill of Cost* and that document was incorporated into the final judgment. We modify the judgment to exclude those attorney's fees and affirm as modified.

## BACKGROUND

At the guilty plea hearing in 2011, after announcing Appellant's punishment of two years was suspended, the trial court added, "[w]ell, I just want you to be sure and abide by this because, you know, if you go to state jail, you're going to be in there all day, every day, for two years." At the revocation hearing, after the defense rested, the trial court announced, "I do find that the allegations are true. I sentence you to two years in the state jail facility and a $2,000 fine."

By two issues, Appellant argues he was denied a neutral and detached judge who arbitrarily refused to consider the entire range of punishment and who imposed a predetermined sentence. The State counters that Appellant's failure to object waived his complaint for appellate review[2] and alternatively, maintains the trial court's utterance

---

[2] Courts of appeals are divided on whether the right to an unbiased, impartial judge is an absolute right that cannot be waived. *See Hernandez v. State*, 268 S.W.3d 176, 184 n.34 (Tex. App.—Corpus Christi 2008, no pet.) (holding a defendant has an absolute right to an impartial judge not only when guilt or innocence is at issue, but also during the punishment phase of trial). This Court has held that a trial court's failure to consider the full range of punishment may be raised for the first time on appeal. *See*

at the original plea hearing does not show lack of impartiality. We disagree with the State on Appellant's failure to object, but agree with the State that there is no showing of bias or partiality.

## ANALYSIS

Due process protections extend to revocation proceedings because they deprive an individual of liberty. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The Texas Constitution requires no less. *See Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012) (citing *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980)). Due process requires a neutral and detached hearing body or officer. *Hernandez v. State*, 268 S.W.3d 176, 182 (Tex. App.—Corpus Christi 2008, no pet.). A trial court's arbitrary refusal to consider the entire range of punishment is a bias against a phase of the law upon which the defendant is entitled to rely, depriving the defendant of a neutral and detached judge, and thereby violating the defendant's right to due process. *Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005). Absent a clear showing of such bias, a trial court's actions will be presumed to have been correct. *Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006).

A person convicted of a state jail felony is not entitled to parole or good conduct time. *See Best v. State*, 118 S.W.3d 857, 866 (Tex. App.—Fort Worth 2003, no pet.). Article 42.12, section 15(h)(1) provides that a defendant confined in a state jail facility does not earn good conduct time for time served. TEX. CODE CRIM. PROC. ANN. art

*Grado v. State*, No. 07-11-00468-CR, 2013 Tex. App. LEXIS 7989, at *8-12 (Tex. App.—Amarillo June 28, 2013, pet. granted Nov. 6, 2013) (mem. op.) (not designated for publication).

42.12, § 15(h)(1) (West Supp. 2014).  Accordingly, a state jail sentence must be served *day for day. See Ex parte Baker*, 297 S.W.3d 256, 259 (Tex. Crim. App. 2009) (emphasis added).  Here, the trial court's statement at the original plea hearing that Appellant would be required to serve "all day, every day, for two years" was nothing more than an admonishment of the potential consequences of failure to abide by the terms and conditions of community supervision.  It was not an absolute promise to impose an arbitrary punishment without considering the evidence to be presented at a subsequent revocation hearing.  As such, it does not establish a bias or a predetermined sentence applied over a year after the original plea hearing.  Here, there is nothing in the record to indicate the trial court decided Appellant's punishment without considering the evidence.  Appellant entered a plea of true to all of the State's allegations.  Having examined the entire record, we conclude Appellant has not made a clear showing of bias to rebut the presumption that the trial court's action was proper.  The complained-of comments in and of themselves do not establish the trial court's refusal to consider the full range of punishment at the revocation hearing.  *See Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.—Corpus Christi 1993), *pet. dism'd*, 872 S.W.2d 758 (Tex. Crim. App. 1994).  Appellant's two issues are overruled.

### ATTORNEY'S FEES

The written judgment in this case reflects the assessment of court costs "[a]s per attached Bill of Cost," and the District Clerk's *Bill of Cost* reflects "Attorney fee(s) – Probation Revocation . . . $400."  In order to assess attorney's fees as a court cost, a trial court must determine that the defendant has financial resources that enable him to offset in whole or in part the cost of legal services provided.  TEX. CODE CRIM. PROC.

4

ANN. art. 26.05(g) (West Supp. 2014). Here, the record reflects the trial court found Appellant indigent and unable to afford the cost of legal representation both before and after the revocation hearing.[3] Unless a material change in his financial resources occurs, once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). Therefore, because there is no evidence of record demonstrating that his financial resources had changed, we presume Appellant was indigent at the time of revocation. In order to rebut that presumption the record must reflect some factual basis to support the determination that the defendant was capable of paying attorney's fees at the time of assessment. *Barrera v. State,* 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex. App.—Amarillo 2009, no pet.). Here, the record does not contain a pronouncement, determination or finding that Appellant had financial resources that enable him to pay all or any part of the fees paid his court-appointed counsel, and we are unable to find any evidence to support such a determination. Therefore, we conclude that the judgment improperly orders the repayment of attorney's fees. *See Mayer v. State,* 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010). When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order. *Id.* at 557. Accordingly, we modify the judgment to include the following sentence: "As used herein, the term 'court cost' does not include attorney's fees." The trial court is ordered to direct the District Clerk to prepare an amended *Bill of Cost* in accordance with the modified judgment.

---

[3] On December 7, 2012, the trial court appointed counsel for purposes of the revocation proceeding, and on February 13, 2013, the trial court appointed counsel for purposes of appeal.

**CONCLUSION**

The trial court's judgment revoking Appellant's community supervision is affirmed as modified.


Patrick A. Pirtle
Justice


Do not publish.