

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00262-CR

_____

DEVERON DEON ROGERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR-13-098

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

## O P I N I O N

Deveron Deon Rogers was convicted by a jury of possession of less than one gram of cocaine and sentenced to eighteen months' confinement in a state jail facility. Rogers was also ordered to pay $140.00 as reimbursement to the Texas Department of Public Safety (DPS) Crime Laboratory.

On appeal, Rogers contends that the trial court erred (1) by failing to charge the jury on the effects of parole law on his sentence for a state jail felony and (2) by ordering that he pay $140.00 as restitution to the DPS without supporting evidence. In response to Rogers' first point of error, the State argues that no parole charge is required in the prosecution of a state jail felony. In response to his second point of error, the State does not contest the lack of evidence to support the reimbursement order, but suggests that we might modify the judgment and cure this defect by deleting the $140.00 reimbursement assessment.

## I.    The Jury Charge

The trial court was not requested to submit a jury charge concerning the effects of parole. On appeal, Rogers asserts error was committed by the failure of the trial court to instruct the jury that "those sentenced to confinement in a state jail do not earn good time and are not eligible for parole." Because no complaint was made at trial, step one of our review requires us to determine whether the trial court erred in charging the jury. *Almanza v.* State, 686 S.W.2d 157, 174 (Tex. Crim App. 1985) (op. on reh'g). If charge error is detected, then step two of our review requires that we determine whether the error resulted in egregious harm to the defendant. *Id.* (addressing issue of reversible harm once error in jury charge is shown).

2

The Texas Legislature has not mandated a jury instruction regarding either parole or good-conduct time eligibility in state jail felony cases. *See Best v. State*, 118 S.W.3d 857, 866 (Tex. App.—Fort Worth, 2003, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07 (West Supp. 2013). Rogers acknowledges this state of the law, but argues that the trial court is not barred from instructing the jury that those sentenced to a term in a state jail facility earn no good-conduct time and are ineligible for parole. The question before this Court is whether the trial court erred in failing to submit a parole law instruction in this case involving state jail punishment. The law does not entitle Rogers to a parole law instruction and, therefore, the trial court did not err in failing to submit one to the jury.[1]

---

[1]Historically, state jail felons have not been entitled to parole or good-conduct credit. The foundation of this principle appears to be rooted in Section 508.141 of the Texas Government Code, which states, in relevant part, "A parole panel may consider for release and release on parole an inmate who: (1) has been sentenced to a term of imprisonment in the institutional division . . . ." TEX. GOV'T CODE ANN. § 508.141(a), (a)(1) (West Supp. 2013). Prior to 2003, individuals convicted of state jail felonies were not sentenced to terms of imprisonment in the Institutional Division of the Texas Department of Criminal Justice (TDCJ); rather, they were sentenced to terms of imprisonment in state jail facilities which, prior to 2003, were under the control and management of the TDCJ's State Jail Division. *See* TEX. GOV'T CODE ANN. § 493.002(a) (West 2012) (identifying divisions of TDCJ, including Institutional Division and State Jail Division); *see also Aguilar v. State*, 279 S.W.3d 350, 352 (Tex. App.—Austin 2007, no pet.). Without amending or repealing Section 493.002, in 1999, the Legislature authorized the TDCJ to create additional divisions, eliminate divisions, and reorganize the distribution of powers and duties of the statutory divisions. TEX. GOV'T CODE ANN. § 493.0021 (West 2012).

In 2003, the TDCJ utilized its authority under Section 493.0021 of the Texas Government Code by implementing some fairly significant internal organizational changes. Summarizing these changes, the TDCJ's website reads, "The Texas Department of Criminal Justice created the Correctional Institutions Division (CID) in September of 2003 through a merger of the Institutional Division, Operations Division, Private Facilities Division, and the State Jail Division." The narrative continues, "The CID is responsible for the confinement of adult felony and state jail felony offenders who are sentenced to incarceration in a secure facility. The CID oversees state prisons . . . [and] state jails . . . ." *Correctional Institutions Division, Division Overview*, TEX. DEP'T CRIM. JUST., http://www.tdcj.state.tx.us/divisions/cid/index.html (last visited May 19, 2014).

The TDCJ's 2003 reorganization could have the effect of altering the meaning of Section 508.141 of the Texas Government Code by eliminating the foundational block upon which the conclusion that state jail felons are ineligible for parole was built. The Texas Government Code defines parole as the release of an "eligible inmate sentenced to the institutional division . . . ." TEX. GOV'T CODE ANN. § 508.001(6) (West 2012). Before the TDCJ's 2003 reorganization, state jail felons were not included in that definition; after the reorganization, they are since the CID is now responsible for "adult felony offenders who are sentenced to prison, state jails and substance abuse felony punishment facilities." *Correctional Institutions Division, Prison and Jail Operations, Overview*, TEX. DEP'T CRIM. JUST., http://www.tdcj.state.tx.us/divisions/cid/cid_prison_jail_ops.html (last visited May 19, 2014).

3

## II.     The Reimbursement Assessment

Rogers next contends that the trial court erred by ordering him pay $140.00 as restitution to the DPS Crime Laboratory for costs of testing and analyzing the substance seized from Rogers.  As we have previously recognized, Article 42.12, Section 11(a)(19) of the Texas Code of Criminal Procedure authorizes a trial court to order, as a condition of community supervision, the reimbursement of "a law enforcement agency for the analysis, storage, or disposal of . . . controlled substances . . . seized in connection with the offense."  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(19) (West Supp. 2013); *Brown v. State*, No. 06-11-00022-CR, 2011 WL 3275284, *1 (Tex. App.—Texarkana Aug 2, 2011, no pet.) (mem. op., not designated for publication).[2]

Rogers argues that there is no evidence to support the reimbursement order.  "A party need not object to preserve a claim of evidentiary sufficiency for appellate review."  *Brown*, 2011 WL 3275284, at *1 (citing *Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010)).  We agree with Rogers that the record is devoid of evidence regarding the charges upon

---

When evaluated in light of the TDCJ's current organizational structure, a question arises as to whether inmates confined in state jail facilities are ineligible for parole. *But see Ex parte Baker*, 297 S.W.3d 256, 259 (Tex. Crim. App. 2009) (holding that individuals convicted of state jail felonies are ineligible for conditional release, without addressing the issues raised by Section 493.0021 and the TDCJ's 2003 reorganization).  We are not called on to answer this issue.  Additionally, a person convicted of a state jail felony is not entitled to good-conduct time, although the Legislature has provided state jail felons an opportunity to earn "diligent participation" credit. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(1), (5), (6) (West Supp. 2013) (trial court authorized to give state jail felons credit, not to exceed one-fifth of sentence, for each day of diligent participation in educational, vocational, treatment, or work program).

[2]As Rogers was not placed on community supervision, the trial court's reimbursement order was not imposed as a condition of community supervision.  As a result, Article 42.12, Section 11(a)(19) is technically inapplicable to the facts of this case.  However, Rogers forfeited this complaint by failing to raise it. *See Johnson v. State*, 365 S.W.3d 484, 491 (Tex. App.—Tyler 2012, no pet.).

which the reimbursement order was based. As a result, the reimbursement order lacks sufficient evidentiary support and must be deleted from the judgment. *See Johnson*, 365 S.W.3d at 492.

Because there is no evidence in the record of the charges forming the basis for the order of reimbursement, we modify the trial court's judgment by deleting the assessment of $140.00 as reimbursement to the DPS Crime Laboratory. As modified, we affirm the judgment.


Jack Carter
Justice

Date Submitted:     April 22, 2014
Date Decided:       May 20, 2014

Publish